WILLIAMS, Judge.
This is an appeal by Sustan Garments, Inc. from a judgment of the Fifth Judicial District Court which affirmed the ruling of the Louisiana Board of Review approving the claim for unemployment compensation benefits sought by a former employee of Sustan, Mrs. Mavis E. Phillips.
On March 27, 1967 the Louisiana Division of Employment Security in its Notice of Claim Determination found that Mrs. Phillips was qualified for benefits and established the following facts:
“You quit upon the advice of Dr. Brashear Earle. You were under pressure because of union activities. You left with good cause connected with your employment.”
Sustan sought to appeal the decision and a hearing was scheduled before George L. Ducote, Appeals Referee, in Monroe, Louisiana on April 20, 1967. Sustan in a letter to Ducote dated April 15, 1967 sought to have the appeal postponed until May 2, 1967 or any later date. The April 20th hearing was cancelled by Ducote and a new date was set for May 2, 1967. On May 2, 1967 Sustan did not appear at the hearing; nor notify the Referee in writing of its desire to delay or postpone the hearing. The decision of the Appeals Referee was delayed until May 4, 1967 to allow Sustan to request rescheduling of the hearing if there were any mitigating circumstances; however, no request was received. The Referee dismissed the appeal in accordance with Rule *715 No. 7 of the Louisiana Board of Review which provides that an appeal may be dismissed when the appellant fails to appear at the time designated for a hearing, fails to request postponement, or fails to present mitigating circumstances which precluded appearance and request rescheduling within forty-eight hours of the scheduled hearing time.
Upon a further appeal by Sustan, the Board of Review for the Division of Employment Security considered the matter and ordered the appeal dismissed and the determination of the agency to remain in effect. Whereupon Sustan filed a petition for judicial review in the district court which was dismissed.
On appeal, appellant alleges the hearing before the referee should have been continued upon the referee receiving notice that Sustan was involved with another hearing on the same date and that the district court failed to order additional hearings before the Board of Review as the evidence before the district court was inadequate, vague and indefinite.
The evidence discloses no written request from Sustan to the Referee requesting the hearing of May 2, 1967 be postponed as required by the rules of the hearing. The instructions in regard to postponement state:
‘ You should be prepared to present your case at the appointed time. Postponement for good cause shown must be requested in writing, and received by the Referee shown on the reverse side at least 48 hours prior to the time scheduled for the hearing.”
Further, there is no evidence that Sustan presented to the agency mitigating circumstances which precluded their appearance on May 2, 1967 within 48 hours thereafter as required by Rule No. 7. In addition Sustan has presented no evidence that would justify its failure to comply with said rules; therefore, the Board of Review’s dismissal of Sustan’s appeal is correct.
We find the dismissal of Sustan’s appeal by the Board of Review was not arbitrary and capricious and agree with the conclusions of the District Court in finding that no substantive or procedural errors of law or fact have been shown to exist in the determination and disposition of this matter by the Division of Employment Security.
For the foregoing reasons, we affirm the judgment of the trial court dismissing Sustan’s petition for judicial review. Costs are assessed against appellant.